# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Leah McCormick, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Cavalry SPV I, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Leah McCormick, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

## PARTIES

3. Plaintiff, Leah McCormick ("McCormick"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed originally to Capital One Bank.

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate.  Cavalry operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Cavalry's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant Cavalry is authorized to conduct business in the State of Alabama and maintains a registered agent within the state of Alabama, see, record from the Alabama Secretary of State, attached as Exhibit A.  In fact, Defendant Cavalry conducts business in Alabama.

**FACTUAL ALLEGATIONS**

7. On September 20, 2018, Ms. McCormick filed a Chapter 7 bankruptcy petition in a matter styled In re: McCormick, N.D.Ala. Bankr. No. 18-82798-CRJ7. Among the debts listed on Ms. McCormick's Schedule F was a debt that she allegedly owed to Capital One Bank.  Moreover, Defendant Cavalry, through its sister company, Cavalry Portfolio, was also listed on her bankruptcy as to the Capital One Bank debt, see, Schedule F attached as Exhibit B.

8. Accordingly, on September 21, 2018, both Capital One Bank and Defendant Cavalry were sent, via electronic transmission, notice of the bankruptcy by

the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit C.

9. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant had another debt collector send Ms. McCormick a collection letter, dated October 8, 2018, demanding payment of the Capital One Bank debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit D.

11. Defendant's violations of the FDCPA were material because Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights, through filing bankruptcy, may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA.

12. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

3

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is no longer owed due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notices issued by that court (Exhibits B and C), provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment, despite Plaintiff's Bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

21. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

22.     Plaintiff adopts and realleges ¶¶ 1-13.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

24.     The notices sent to Capital One Bank and Defendant Cavalry during the bankruptcy (Exhibit C), gave notice that Plaintiff was represented by an attorney in connection with this debt.  Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on her credit report.  Accordingly, Defendant knew or should have known of that Plaintiff was represented by an attorney before it sent out the collection letter.

25.     By sending a debt collection letter directly to Ms. McCormick, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

26.     Defendant Cavalry's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Leah McCormick, prays that this Court:

1.     Find that Defendant's form collection letter violates the FDCPA;

2.     Enter judgment in favor of Plaintiff McCormick, and against Defendant, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Leah McCormick, demands trial by jury.

        Leah McCormick,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

        By: /s/ Ronald C. Sykstus
        One of Plaintiff's Attorneys

Dated: November 21, 2018

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com